IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:06cv131

| | |
|---|---|
| VIRGINIA GREELEY, executrix of the Estate of Paul J. Greeley; and VIRGINIA GREELEY, <br> Plaintiffs, <br><br> Vs. <br><br> AUTO-OWNERS INSURANCE CO., a Michigan Corporation; BLACKWELL CONSTRUCTION, INC., a South Carolina Corporation; JERRY BLACKWELL and wife, SANDRA BLACKWELL, <br><br> Defendants. | MEMORANDUM AND RECOMMENDATION |

**THIS MATTER** is before the court on defendants Jerry Blackwell's and Sandra Blackwell's Renewed Motion to Dismiss (#8), which is supported by a one page brief. Their first Motion to Dismiss was denied without prejudice for failure to file any brief. Plaintiffs have filed a response to such motion (#13), and co-defendant Auto-Owners Insurance Company has filed a one page response, in which it states that it does not object to the relief sought by the Blackwells (#10), and points to the Blackwells' "judicial admission that 'Blackwell is not insured by the subject insurance contract." (#9). After Auto-Owners pointed out the Blackwells' "judicial admission," the Blackwells filed an "Amended Brief in Support of Rule 12(b)(6) Motion Correcting Scrivener's Error" (#11). In that document, the Blackwells altered the "judicial admission" to provide that *plaintiffs* did "not allege that Blackwell is insured by the subject insurance contract." Id., at ¶ 2.

After such hearing was calendared, plaintiffs filed a Motion for Leave to File Amended Complaint (#22). Plaintiffs attempted to amend their Complaint in this matter by

attaching a copy of a Complaint previously dismissed in state court as an exhibit to the Complaint in this action.

On September 14, 2006, a hearing was conducted and attended by counsel for the respective parties. As was discussed by the court at oral arguments, all pending motions were discussed and the court agreed with the moving defendants that no claim had been stated against them by plaintiffs and that the proposed amendment (discussed above) would not resolve that deficiency. While the allegations in the previously dismissed state court Complaint may have stated causes of action against these defendants, attaching that Complaint as an exhibit to a Complaint in federal court which clearly does not state a claim is not the proper method for amending a Complaint. Among many reasons, it simply is not possible to "admit" or "deny" an "exhibit." Instead, the proper method for amending a Complaint is simply to *rewrite* the Complaint, attach it to a Motion for Leave to Amend as a proposed Amended Complaint, and support it with a memorandum of law. Counsel for plaintiffs would have to look no further than the public docket of this court to find numerous examples of properly amended complaints. The proposed amendment does nothing more than attach an exhibit to a facially defective Complaint.

Where a defendant contends that a plaintiff has failed to state a cognizable claim, Rule 12(b)(6) authorizes dismissal based on a dispositive issue of law. Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 1832 (1989); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). As the Court discussed in Neitzke:

> This procedure [for dismissal], operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and fact finding. Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts . . . a claim must be dismissed, without regard to whether it is based on outlandish legal theory . . . . What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations."

Id., at 1832 (citation omitted). Dismissal of a complaint is proper under Rule 12(b)(6) where it is clear that no set of facts consistent with the allegations in the plaintiffs' complaint could support the asserted claim for relief. Taubman Realty Group LLP v. Mineta, 320 F. 3d 475, 479 (4th Cir. 2003); Migdal v. Rowe Price-Fleming Intl Inc., 248 F. 3d 321, 325-36 (4th Cir. 2001).

While the court accepts factual allegations in the complaint as true and considers the facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

> The presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion. And although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant. This requirement serves to prevent costly discovery on claims with no underlying factual or legal basis.

Migdal, at 326 (citations and internal quotations omitted). In addition, a court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted).

For the limited purpose of ruling on defendants' motion, the court has accepted as true the facts alleged by plaintiffs in the Complaint and has viewed them in a light most favorable to plaintiffs. Plaintiffs allege that Blackwell Construction, Inc., purchased a policy of insurance that provides "coverage for defects in the Petitioner's home," Complaint, at ¶ 12, and requests that the "Court make a determination as to the coverage issues raised in the case by applying North Carolina law and . . .whether the Respondent insurance company is

required to provide coverage to the Petitioners." Id., at ¶ 15. Plaintiff have made absolutely no substantive allegations against the individual Blackwell defendants and there is no relief sought from the court against the Blackwells. Indeed, the only relief sought is declarative relief against an insurer.

Plaintiffs simply make no allegation that these moving defendants did anything that could entitle plaintiffs to the relief they seek. Such deficiency is a textbook failure to state a claim, and the court will recommend granting the Blackwells the dismissal they seek.

Turning to the motion to amend the complaint, such proposed amendment by annexing as an exhibit a previously dismissed state-court Complaint must be denied as futile. A review of plaintiffs' proposed amendments reveals that they are not in conformity with the requirements of Rule 15(a), Federal Rules of Civil Procedure.

> Rule 15(a) of the Federal Rules of Civil Procedure provides that when a party seeks leave to amend a complaint "leave shall be freely given when justice so requires." Foman v. Davis, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962), mandates a liberal reading of the rule's direction for "free" allowance: motions to amend are to be granted in the absence of a "declared reason" "such as undue delay, bad faith or dilatory motive . . . , repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , futility of amendment, etc." In Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980), we noted that under Foman a lack of prejudice would alone ordinarily warrant granting leave to amend and that mere delay absent any resulting prejudice or evidence of dilatoriness was not sufficient justification for denial.

Ward Electronics Service, Inc. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987). The undersigned has searched federal reported cases and can find no authority for the proposition that a party can amend a Complaint by attaching a previously dismissed Complaint as an exhibit.

The undersigned is simply compelled to recommend denial of plaintiffs' Motion to Amend as well as dismissal of the claims against the Blackwells.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that

(1) plaintiffs' Motion for Leave to File Amended Complaint (#22) be **DENIED**.

(2) defendants Jerry Blackwell's and Sandra Blackwell's Renewed Motion to Dismiss (#8) be **ALLOWED**, plaintiffs' claims against such defendants be dismissed in accordance with Rule 12(b)(6) without prejudice, and that Jerry Blackwell and Sandra Blackwell be **DISMISSED** from further defending this action.

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: September 26, 2006

Dennis L. Howell
United States Magistrate Judge