IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:06cv131

| | |
|---|---|
| VIRGINIA GREELEY, executrix of the Estate of Paul J. Greeley; and VIRGINIA GREELEY,<br><br>    Plaintiffs,<br><br>Vs.<br><br>AUTO-OWNERS INSURANCE CO., a Michigan Corporation,<br><br>    Defendant and<br>    Third-Party Plaintiff,<br><br>Vs.<br><br>BLACKWELL CONSTRUCTION, INC., a South Carolina Corporation; JERRY BLACKWELL, and wife, SANDRA BLACKWELL,<br><br>    Third-Party Defendants. | **SECOND MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** is before the court on defendant and third-party plaintiff's Motion for Summary Judgment (#44), which seeks a declaration that defendant and third-party plaintiff (hereinafter "Auto-Owners") is not obligated under the terms of a policy of insurance to defend the third-party defendants in litigation now pending in the North Carolina General Court of Justice, Polk County.

Auto-Owners filed its motion on October 30, 2007, supported such motion with a Memorandum of Law (#45), and extensive exhibits. Id. Plaintiffs' response was due to be filed not later than November 16, 2007. Plaintiffs, who are represented by

-1-

counsel who has been advised on numerous occasions of the deadlines in federal court, has failed to respond. Third-party defendants have not made an appearance in this matter and were, upon motion of Auto-Owners, declared in default on August 7, 2007. Fed.R.Civ.P. 55(a).[1]

Thus, it appears that Auto-Owners' Motion for Summary Judgment is unopposed. In addition to recommending that such motion be summarily granted as unopposed, the undersigned will in the alternative briefly review the substance of the motion to determine whether no genuine issues of fact remain, whether the issues may be determined as a matter of law, and whether the judgment sought is just.

## FINDINGS AND CONCLUSIONS

**I.   Background**

For the limited purpose of ruling on Auto-Owners' motion, the court has accepted as true the facts alleged by plaintiffs in the Complaint and has viewed them in a light most favorable to plaintiffs. Plaintiffs allege that Blackwell Construction, Inc., purchased a policy of insurance that provides "coverage for defects in the Petitioner's home," Complaint, at ¶ 12, and requests that the "Court make a determination as to the coverage issues raised in the case by applying North Carolina law and . . .whether the Respondent insurance company is required to provide coverage to the Petitioners." Id., at ¶ 15.

The undersigned has also considered the allegations of the Third-Party

---

[1] Inasmuch as such third-party defendants are and were in default at the time the instant motion was filed, the undersigned found no reason to provide such defaulted parties with the explanations and additional time counseled by the Court of Appeals for the Fourth Circuit in Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

Complaint filed by Auto-Owners against the now defaulted third-party defendants (hereinafter "the Blackwells.") In that pleading, Auto-Owners alleged that it issued a policy of insurance to the Blackwells in the form of a "Tailored Protection Policy." TPC, at ¶ 6. On April 14, 2001, the plaintiffs and the Blackwells entered into contract for construction of a new home, and the plaintiff moved into that home on April 17, 2002. Id., at 7. On November 24, 2004, the plaintiffs sued the Blackwells in state court alleging negligent construction of their home. Id., at 8. On February 16, 2006, plaintiff filed a voluntary dismissal without prejudice of that claim. Id., at ¶ 9. Thereinafter, on March 23, 2006, plaintiffs filed this action, seeking a determination of the obligations of insurance coverage of Auto-Owners, id., at 10, as well as attempting to assert substantive claims against the Blackwells. Plaintiffs, after having their claim against the Blackwells dismissed by this court, refiled the state court action against the Blackwells on February 16, 2007. Id., at ¶ 14.

Stated in the form of claims, Auto-Owners asserts in its Third-Party Complaint that the policy of insurance it issued in favor of the Blackwells was property damage based on discrete occurrences. Id., at 18-21. Auto-Owners alleged that its policy does not cover claims by plaintiffs to the extent that those claims seek to recover damages for impaired property or property that has not been physically injured. Id., at 29. Put another way, Auto-Owners contends that its policy does not cover the Blackwells' faulty workmanship, and that faulty workmanship is specifically excluded from coverage by the policy of insurance. Id., at 22-29. Auto-Owners seeks a declaration that it has no obligation to defend against or indemnify for the claims

made by plaintiff in the state court action.

## II. Summary Judgment Standard

On a motion for summary judgment, the moving party has the burden of production to show that there are no genuine issues for trial. Upon the moving party's meeting that burden, the non-moving party has the burden of persuasion to establish that there is a genuine issue for trial.

> When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. In the language of the Rule, the nonmoving [sic] party must come forward with "specific facts showing that there is a *genuine issue for trial*." Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine issue for trial."

Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted; emphasis in the original) (quoting Fed. R. Civ. P. 56). There must be more than just a factual dispute; the fact in question must be material and readily identifiable by the substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

By reviewing substantive law, the court may determine what matters constitute material facts. Anderson, supra. "Only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." Id. at 248. A dispute about a material fact is "genuine" only if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." Id. The court must credit factual disputes in favor of the party resisting summary judgment and draw inferences favorable to that party if the inferences are

reasonable, however improbable they may seem. Cole v. Cole, 633 F.2d 1083, 1092 (4th Cir. 1980). Affidavits filed in support of a defendants' Motion for Summary Judgment are to be used to determine whether issues of fact exist, not to decide the issues themselves. United States ex rel. Jones v. Rundle, 453 F.2d 147 (3d Cir. 1971). When resolution of issues of fact depends upon a determination of credibility, summary judgment is improper. Davis v. Zahradnick, 600 F.2d 458 (4th Cir. 1979).

In determining whether a genuine issue of material fact exists, the admissible evidence of the non-moving party must be believed and all justifiable inferences must be drawn in his or her favor. Anderson, supra, at 255. In the end, the question posed by a summary judgment motion is whether the evidence "is so one-sided that one party must prevail as a matter of law." Id., at 252.

**III. Discussion**

In the state court action, the plaintiffs allege that once they moved in to their new home, they immediately began noticing problems with the construction of the home, and that Blackwell Construction undertook repairs of some of these defects, but did not correct them all. Polk County Complaint, at ¶ 27, Auto-Owners' Appendix, Exhibits 2 & 3. Thus, it is undisputed that the underlying action between the plaintiffs and the Blackwells involves issues of faulty workmanship.

In determining whether the policy provides coverage for faulty workmanship, the undersigned has turned to the language of the policy, which provides in relevant part that:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this

insurance applies….

The policy goes on to define property damage as

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

As a matter of prevailing North Carolina and federal case law on the subject, plaintiffs' claim in the state court action simply do not fall under the language of the policy. To present a claim for damages under the policy, plaintiffs were required to allege that at some point the property was undamaged, and that due to an occurrence attributable to the Blackwells, an injury was inflicted upon previously undamaged property. As the state court Complaint makes clear, it is plaintiffs contention that their home was improperly constructed based on poor workmanship.

In Wm. C. Vick Constr. Co. v. Penn Nat'l Mut. Cas. Ins. Co., 52 F.Supp. 2d 569 (E.D.N.C. 1999), affirmed *per curiam*, 213 F.3d 634 (4th Cir. 2000), addressing a nearly identical policy of insurance, the district court found that

> These [policy definition] requirements, in this court's opinion, infer that the property allegedly damaged has to have been undamaged or uninjured at some previous point in time. This is inconsistent with allegations that the subject property was never constructed properly in the first place.

Id., at 582. The same result was reached in Prod. Sys., Inc. v. Amerisure Ins. Co., 167 N.C. App. 601 (2004).

While plaintiffs state in the introduction to their state complaint that their

action is one for "property damage," this court need look no further than the substantive claims in such Complaint to see that the underlying dispute does not involve damage to previously undamaged property (as the introduction suggests), but damage based on faulty construction *ab initio*. In paragraph 33 of the Complaint, plaintiffs therein allege that

> 33. The Defendant, Blackwell Construction, Inc., through its agents and employees, was negligent in the following respects, among others:
> a. By intentionally, carelessly and knowingly failing to comply with and abide by generally acceptable standards in the construction industry pertaining to the construction of residential dwelling houses.
> b. By failing to provide the best workmanship possible in its work as provided in its contract with the Plaintiffs.
> c. By not properly preparing the fill subgrade for the home and by not placing the fill materials located in the vicinity of the Great Room foundations of the structure with sufficient compactive effort.
> d. By not benching the fill slope for the home structure into the adjacent cut slope which would have allowed for horizontal fill compaction during the construction of the slope.
> e. By failing to construct the timber retaining wall adjacent to the home in a workmanlike fashion to the extent that the top retaining wall has rotated away from the rear of the house.
> f. By constructing the rear basement wall foundation of the home on residual soils or only a minimum amount of fill.
> g. By constructing the Great Room foundations of the house too close to the edge of the slope of the land at the home site.
> h. By constructing the house on an unstable slope of land to such an extent that the slope needs to be repaired and rebuilt to increase the slope stability safety and provide lateral support for the foundations of the home.
> i. By intentionally, carelessly and negligently creating and maintaining an inherently dangerous condition in an area where it knew, or with the exercise of due diligence, should have known, it was likely to result in serious injuries to

others.
j. In failing to warn the Plaintiffs of the dangerous condition created by the Defendants.
k. By constructing the Plaintiffs' house on a slope that is unstable on a seismic basis.
l. In allowing a concealed dangerous condition to exist after the Defendants know [sic] or by the exercise of reasonable diligence should have known was concealed and in existence.
m. By intentionally, carelessly, and knowingly failing to comply with all applicable laws, ordinances, rules, and regulations for the safety of persons required by law and required by its contract with the Plaintiffs.
n. By intentionally, carelessly, and knowingly failing to erect and maintain all necessary safeguards for the safety and protection of persons as required by law and as required by its contract with the Plaintiffs.
o. By failing to supervise and direct the work herein efficiently and with its best skill and attention as provided in its contract with the Plaintiffs.
p. By placing the built-up wood girders below the left and right rear elevated wood deck with substandard materials, such as warped members, improper lateral bracing of wood girders at and above each wood post, and also by improperly constructing the structure for required span loading conditions at both sides of said deck.
q. By intentionally, carelessly, and knowingly constructing structurally inadequate built-up wood girders end connection and end bearing condition on the left side at the Great Room tie-in.
r. By constructing the lower concrete slab of the structure on an inadequate foundation which has resulted in both thermal and structural stress cracks from expansion and contraction and foundation settlement. The foundation was inadequate in that, among other things, it was based upon improperly placed control joints and inadequate soil density and load bearing capacity.
s. By not constructing the lower concrete patio area of the house with a slope toward the rear which would provide positive drainage away from the house.
t. By failing to provide an adequate foundation on the home and by constructing substandard framing construction which resulted in the right load bearing wall of the Great Room showing signs of stressed drywall adjacent to the

> > window opening.
> > u. By not properly bonding the lower concrete slab on grade patio construction which caused a continuous offset crack adjacent to the rear lower house edge.
> > v. By not properly bonding the lower concrete slab on grade patio construction which caused several locations of intermediate cracks (1/16" to 1/8") across the short distant, from the house to the rear perimeter deck wood 6 x 6 post (5 locations) (treated So. Yellow Pine) for approximately the total length of the house.
> > w. By constructing the continuous built-up wood girder [(2) 2 x 10] span capacity of the left rear roof covered deck area in violation of the building code live load requirements in that the span capacity is structurally inadequate.
> > x. By constructing the lateral bracing wood girder at wood post supports for the left rear roof covered deck area in violation of the building code in that they are structurally inadequate and are now warping over the post supports along the girder span.
> > y. By failing to install the required knee bracing between the post and built-up girder on each side (parallel to the house) between the deck band and the house structure as required by the building code.
> > z. By constructing the sloped tile floor framing conditions in the kitchen area with substandard construction material and placement.

In plaintiffs' Seventh Claim for Relief, they alleges that the defendants negligently repaired the construction defects.

Finally, the court has reviewed the evidentiary submissions, which the parties gleaned from the state court action. From all of the lay and expert deposition testimony, it appears that the basis of all claims is that the Blackwells failed to properly construct plaintiffs' home. All issues complained of by plaintiff find their origin in the Blackwells' undisputed failure to properly cut the site into the slope, their failure to compact the ground for a proper foundation, and their failure thereinafter to abide by local building codes.

Further, plaintiffs have not alleged that they lost use of tangible property that has not been physically injured or destroyed due to an occurrence. Hobson Construction Co., Inc. v. Great American Ins. Co., 71 N.C. App. 586, 591 (1984), *review denied*, 313 N.C. 329 (1985). In this case, the policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Again, the district court held in Vick, supra, that "an insured's poor workmanship does not fall within the meaning of that term, and thus does not constitute an 'occurrence.'" Id., at 586.

## IV. Conclusion

The undersigned has closely review both Auto-Owners' motion and the Complaint in the state action. Not only is Auto-Owners entitled to the relief it seeks herein due to procedural default, it is also entitled to relief inasmuch as there are no genuine issues of material fact, and prevailing law counsels that Auto-owners has no obligation under to the Blackwells to provide a defense under the policy of insurance at issue.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that defendant and third-party plaintiff's Motion for Summary Judgment (#44) be **ALLOWED**, that a declaration issue that defendant and third-party plaintiff is not obligated under the terms of a policy of insurance to defend or indemnify the third-party defendants in litigation now pending in the North Carolina General Court of Justice, Polk County, and that this action be **DISMISSED** with prejudice.

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: January 3, 2008

Dennis L. Howell
United States Magistrate Judge